RECEIVED
SEP 2 6 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDWIN L. LAFARGUE, III | CIVIL ACTION NO. 10-1375 |
| -vs- | JUDGE DRELL |
| US DEPT INTERIOR FISH & WILDLIFE SERVICE | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the Motion for Summary Judgment filed by the US Department of the Interior Fish & Wildlife Service. (Doc. 18). All responses have been filed, and the matter is ready for disposition. For the following reasons, the motion will be DENIED.

I. **Procedural Background**

On September 1, 2010, Plaintiff filed an action to fix the boundary under 28 U.S.C. § 2409(a) against the US Department of the Interior Fish & Wildlife Service. (Doc. 1). Plaintiff contends Defendant improperly designated the boundary between its land and Plaintiff's land. Plaintiff requests the physical location of the boundary be fixed on the range line between T2N-R3E and T2N-R4E of Sections 24 and 19 respectively, which is also the range line Defendant cites as the limit of its property boundary. (Docs. 18-1. 18-2, 21-1).

1

II. <u>**Law and Analysis**</u>

**A. Legal Standard**

*1. Motion for Summary Judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." <u>Seacor Holdings, Inc. v. Commonwealth Ins. Co.</u>, 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." <u>Trevino v. Celanese Corp.</u>, 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

*2. Quiet Title Act*

The Quiet Title Act (QTA) allows suit against the United States "to adjudicate a disputed title to real property." 28 U.S.C. § 2409a(a). A civil action against the United States must be "commenced within twelve years of the date upon which it accrued." <u>Id.</u> at (g). An action accrues "on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." <u>Id.</u> Notice of accrual is accomplished:

2

> (1) by public communications with respect to the claimed lands which are sufficiently specific as to be reasonably calculated to put the claimant on notice of the Federal claim to the lands, or
>
> (2) by the use, occupancy, or improvement of the claimed lands which, in the circumstances, is open and notorious.

28 U.S.C. § 2409a(k)(1)-(2).

The reasonableness test determines whether notice is sufficient to put the plaintiff or his predecessor in interest on actual or constructive notice. Mafrige v. United States, 893 F.Supp. 691, 700 (S.D. Tex. 1995). "Knowledge of the claim's full contours is not required. All that is necessary is a reasonable awareness that the Government claims some interest adverse to the plaintiff's." Knapp v. United States, 636 F.2d 279, 283 (10th Cir. 1980).

### B. Analysis of Defendant's Motion for Summary Judgment

There are genuine disputes of material fact concerning whether Plaintiff knew or should have known of Defendant's claim more than twelve years before filing the present action. Both parties provide conflicting facts about the purpose and scope of certain special use permits in the record. (Docs. 18-5, 21-1). Both parties also provide conflicting facts about when and where refuge border signs were posted along the levee route. (Docs. 18-4, 18-5, 21-1). Finally, there is a genuine dispute about whether Plaintiff had actual or constructive knowledge of Defendant's adverse claim to the land based on the alleged planting of water and willow oak trees in 1990. (Docs. 18-1, 21-1).

In addition, in 2008 David and Carol Lafargue granted a flowage easement over the disputed land to the United States Fish and Wildlife Service Grand Cote National Wildlife Refuge. (Doc. 22-5). The existence of this easement grant and the fact that the United States sought it from the Lafargues generates another important factual dispute about whether Defendant's claim to the land was sufficiently open and notorious to give notice of accrual to Plaintiff.

C. Conclusion

For the reasons detailed above, Defendant's Motion for Summary Judgment must be denied.

SIGNED on this 25 day of September, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE